# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE KNOWLIN,**

          **Petitioner,**

      **v.**                                             Case No. 19-CV-261

**TODD DELAIN,**

          **Respondent.**

## ORDERS AND RECOMMENDATIONS REGARDING PETITION FOR A WRIT OF HABEAS CORPUS

Lee Knowlin is incarcerated in the Brown County Jail following the revocation of his parole. On February 19, 2019, he filed a petition for a writ of habeas corpus. Accompanying his petition is a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 3.) The court finds Knowlin lacks the resources to pay the filing fee and therefore will grant this motion.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Knowlin admits he has made no effort to exhaust his remedies in state court but argues he is unable to do so. Ordinarily, this precludes a federal court from granting relief. *See* 28 U.S.C. § 2254(b)(1)(A). Knowlin contends he cannot pay the required costs and fees and the state court will not waive these expenses because at least three of his prior lawsuits were dismissed as frivolous. (ECF No. 2.) Therefore, he asks to be allowed to proceed without exhausting his state court remedies. (ECF No. 2.)

However, Knowlin has made no effort to proceed in state court. He has not requested a state court to allow him to proceed without prepayment. The court finds it uncertain whether the state court will permit Knowlin to seek review of the revocation of his probation without paying the associated costs and fees. Knowlin must seek redress in the state courts before turning to federal court.

Knowlin also filed a motion asking that the court temporarily release him on bail so he may attend the funeral of his father (ECF No. 6) and a motion to stay the revocation of his parole (ECF No. 7). The court finds both matters must be addressed in the first instance in the state court. It would be inconsistent with the principles of comity that underlie a federal court's habeas review of state court judgments for a federal court to take the extraordinary actions Knowlin requests without first giving the state courts the opportunity to act.

**IT IS THEREFORE RECOMMENDED** that Knowlin's "Motion to Grant Relief Despite His Failure to Have Pursued a State Remedy Not Available to Him" (ECF No. 2) be **denied**.

**IT IS FURTHER RECOMMENDED** that Knowlin's petition and this action be dismissed for failure to exhaust his remedies in state court.

**IT IS FURTHER ORDERED** that Knowlin's "Motion for Leave to Proceed Without Prepayment of the Filing Fee" is **granted**.

**IT IS FURTHER ORDERED** that Knowlin's "Motion for Bail and Temporary Furlough to Attend Funeral Services of Family" (ECF No. 6) is **denied**.

**IT IS FURTHER ORDERED** that Knowlin's "Motion for Stay of Revocation Order and Warrant" (ECF No. 7) is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge