UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE KNOWLIN,

      Petitioner,

v.                                        Case No. 19-cv-261-pp

WILLIAM POLLARD[1],

      Defendant.

---

**ORDER DENYING AS MOOT PETITIONER'S MOTION TO GRANT RELIEF DESPITE FAILURE TO PURSUE STATE REMEDIES (DKT. NO. 2); DECLINING TO ADOPT JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 10); DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE COURT DECISION (DKT. NO. 16); DENYING PETITIONER'S AMENDED MOTION FOR BAIL (DKT. NO. 20); DENYING PETITIONER'S MOTION TO GRANT EXTRAORDINARY WRITS (DKT. NO. 23); SCREENING PETITION AND ORDERING RESPONDENT TO FILE AN ANSWER OR OTHERWISE RESPOND**

---

**I.    Introduction**

On February 19, 2019, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his parole revocation. Dkt. No. 1. With his petition, the petitioner filed a "Motion to Grant Relief Despite Plaintiff's Failure to Have Pursued a State Remedy Not Available to Him," dkt. no. 2, and a motion for leave to proceed without

---

[1] When the petitioner filed this *habeas* case, he was in the Brown County Jail. Dkt. No. 1-1. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts mandates that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner properly named the sheriff of Brown County, Todd Delain, as the respondent in the complaint. Since then, however, the petitioner has been transferred to the Dodge Correctional Institution, where William Pollard is the warden. The court has amended the case caption to name Pollard as the proper respondent.

1

prepaying the filing fee, dkt. no. 3. Less than a week later, the petitioner filed a "Motion for Bail and Temporary Furlough," dkt. no. 6, and a "Motion for Stay of Revocation Order and Warrant," dkt. no. 7.

At the end of February, Magistrate Judge William Duffin issued a decision granting the petitioner's motion for leave to proceed without prepaying the filing fee, denying the petitioner's motions for bail and for a stay of his revocation order, and recommending that this court dismiss the petition because the petitioner had admitted that he had not exhausted his state court remedies. Dkt. Nos. 9, 10. The petitioner timely filed an objection to Judge Duffin's recommendation on March 7, 2019. Dkt. No. 13.

In the months following his objection, the petitioner continued to file documents. He filed (1) a supplemental objection, dkt. no. 15; (2) a motion to expedite court decision on his objection, dkt. no. 16; (3) a supplement, dkt. no. 17; (4) a brief in support of his motion for stay of revocation order and warrant, dkt. no. 18; (5) a second supplemental objection, dkt. no. 19; (6) an amended motion for bail, dkt. no. 20; (7) a memorandum of law with attached exhibit in support of his motion for bail, dkt. no. 21, (8) a supplemental memorandum of law in support of his amended motion for bail, dkt. no. 22; and finally, (9) a motion to grant extraordinary writs, dkt. no. 23.

Apparently frustrated that this court did not address his pending motions as quickly as he would have liked, the petitioner filed a second petition for writ of *habeas corpus*. Knowlin v. Sheriff Grady Hartman, Case No. 19-cv-1046, Dkt. No. 1. He also filed a motion for leave to proceed without prepaying

2

the filing fee for that case. Id. at Dkt. No. 2. The second petition states that the petitioner filed it because this court has "inordinate[ly] delay[ed]" rendering a decision in this case. Id. at Dkt. No. 1, ¶3. The second petition asks for an order requiring an expedited decision in this case. Id. at 4, ¶12. After the clerk's office assigned case number 19-cv-1046 to this court, the petitioner filed a motion to disqualify judge. Id. at dkt. no. 6. The court will address the motions pending in Case Number 19-cv-1046 by separate order.

**II.    Background**

   A.   <u>Petition (Dkt. No. 1) and Motion to Grant Relief Despite [Petitioner's] Failure to Have Pursued a State Remedy Not Available to Him (Dkt. No. 2)</u>

The petitioner asked this federal court to review a February 8, 2019 decision from the administrator of the Division of Hearings and Appeals (DHA) of the Wisconsin Department of Administration regarding the revocation of his parole. Dkt. No. 1 at ¶4. The petitioner alleged that (a) he was denied his Sixth Amendment and due process rights because he was not allowed to confront a witness on her testimonial statements at the revocation hearing; (b) he was denied his due process rights because the Department of Corrections failed to meet its burden of proof regarding all alleged parole violations; (c) he was denied his Confrontation Clause rights when a witness refused to answer defense counsel's questions at his revocation hearing; and (d) the supervision rule he was alleged to have violated—the violation that formed the basis for his revocation—was vague and overbroad. Dkt. No. 1 at ¶15. For relief, he asked the court to grant *habeas corpus* "to bring up for review and determination the

proceedings in the matter set forth in this petition," and that upon granting the writ, the court reverse the "decisions and actions of the respondent" and adjudge them null and void. Id. at ¶16. He asked the court to remand the matter to his parole agent, "for her to exercise discretion whether to commence revocation proceedings" or take other steps, and asked the court to order "the respondent [Todd Delain] and [the administrator of the DHA] to transcribe the electronic record of the hearing in this case, at no cost [to the petitioner]." Id.

The same day the court received that petition, it received a document entitled "Petitioner's Notice of Motion and Motion to Grant Relief Despite His Failure to Have Pursued a State Remedy Not Available to Him." Dkt. No. 2. In this motion, the petitioner stated that "there are no available state judicial remedies available for Mr. Knowlin to challenge revocation of his parole." Dkt. No. 2 at 1. He stated that in Wisconsin, the proper way to challenge a probation revocation is through a writ of *certiorari*. Id. at 2. He wrote that he was indigent, could not afford the filing fee for a writ of *certiorari* and could not get the filing fee waived because under Wis. Stat. §801.02(7)(a), a state circuit court cannot waive a filing fee if the petitioner previously has had three or more actions dismissed for reasons listed in Wis. Stat. §802.05(3)(b) 1-4. Id. The petitioner admitted that he has had three or more claims dismissed for reasons listed under Wis. Stat. §802.05(3)(b)1-4. Id. He predicted that if he tried to file for a writ of *certiorari* in state court, he would not be allowed to proceed because of his indigency and his history of litigation. Id. at 2-3. The petitioner asked the court to find that he had properly exhausted his claim. Id. In this

4

motion, he stated that his *habeas* petition asserted that he was actually innocent of his parole violations. Id. at 3.

      B.    <u>Judge Duffin's Report and Recommendation (Dkt. No. 10)</u>.

In his February 27, 2019 order, Judge Duffin granted the petitioner's motion to waive the $5 filing fee and began screening the petition under Rule 4 of the Rules Governing §2254 cases. Dkt. No. 9 at 2. Judge Duffin acknowledged the petitioner's motion to proceed despite not having pursued state remedies and noted the petitioner's belief that the state court would not allow him to proceed. Judge Duffin noted that normally, a petitioner's failure to exhaust state court remedies precluded a federal court from granting relief. <u>Id.</u> (citing 28 U.S.C. §2554(b)(1)(A)). He observed that the petitioner had not attempted to file for relief in state court. Judge Duffin said that he wasn't certain whether a state court would permit the petitioner to seek review of the revocation without paying the fees, and that the petitioner would need to seek redress in state court before coming to federal court. <u>Id.</u> For that reason, he recommended that this court deny the motion to proceed without exhausting remedies and dismiss the petition. <u>Id.</u> at 3. Judge Duffin denied the petitioner's pending motions for temporary release on bail and to stay his revocation proceedings. <u>Id.</u> at 2. He wrote that principles of comity required the petitioner to address those concerns in state court. <u>Id.</u>

The next day, the court received a notice of change of address from the petitioner. Dkt. No. 12. It was dated February 26, 2019, and asked the court to

5

change his address to show that he had been transferred to the Dodge Correctional Institution. Id.

      C.    Petitioner's Objection (Dkt. No. 13); Supplemental objection (Dkt. No. 16); Second Supplemental Objection (Dkt. No. 19)

The court received the petitioner's objection to Judge Duffin's recommendation on March 7, 2019. Dkt. No. 13. The objection did not identify any errors in Judge Duffin's reasoning; the petitioner reiterated that the his indigence and previously dismissed lawsuits prevented him from filing in state court. Id. About two months later, the petitioner filed a supplemental objection in which he asked the court to consider Edwardsen v. Petersen, 319 F. Supp. 1338 (E.D. Wis. 1970) in reviewing Judge Duffin's report and recommendation. Dkt. No. 15. He wrote that Wisconsin requires prisoners to challenge probation revocations through writs of *certiorari* and that "it is not uncertain about whether the state court will permit him to seek review of the revocation of his parole without prepayment of costs and fees. The law is clear that a prisoner challenging the revocation of his parole must satisfy the PLRA filing requirements." Id.

Two weeks after *that*, the court received a motion asking the court to expedite its review of the objection. Dkt. No. 16. He stressed that his *habeas* petition alleged that he is innocent of his parole violations. Id.

Finally, on July 11, 2019, the court received a second supplemental objection to Judge Duffin's report and recommendation. Dkt. No. 19. This supplement stated that the petitioner had tried to proceed in state court but that the state court judge denied his petition to proceed without prepayment of

the filing fee because the petitioner had filed three previous lawsuits dismissed as frivolous. Id. at 2. He attached Circuit Court Judge Eugene A. Gasiorkiewicz's June 10, 2019 order denying the petitioner's petition to waive prepayment of fees/costs. Dkt. No. 19-1.

**III.    Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal *habeas* petitioners to exhaust their state court remedies before pursuing relief in federal court. See 28 U.S.C. §2254(b)(1)(A). Subsection (c) of the statute provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the state . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

At the time Judge Duffin issued his report and recommendation, he correctly noted that the petitioner had not tried to exhaust his remedies; he'd only *predicted* that he wouldn't be allowed to do so. On that record, this court would have reached the same conclusion Judge Duffin did—it would have ruled that the petitioner needed to show that he had tried to challenge his revocation in the Wisconsin state courts.

In the time between Judge Duffin's report and recommendation and this court's consideration of his case, the petitioner *did* attempt to exhaust his state remedies. See Dkt. Nos. 19, 19-1; see also Lee Knowlin v. Brian Hayes, Racine County Case Number 19-IP-05, available at: https://wcca.wicourts.gov/ (last visited September 13, 2019). The state court denied the petitioner's motion to

7

waive prepayment of his filing fee. Id. What the petitioner predicted would happen, happened; the circuit court's order dismissed his case and checked the box which stated that "[t]he prisoner has, on three or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, brought an appeal, writ of error, action or special proceeding, including a petition for common law writ of certiorari, that was dismissed by a state or federal court for the reasons listed in §802.05(3)(b) 1 to 4. The petition to proceed without prepayment of filing fees and costs is DENIED." Given this development, the rationale underlying Judge Duffin's recommendation no longer applies, and the court will not adopt the recommendation.

That means that the court must rule on the petitioner's motion for leave to proceed without exhausting his state remedies. Dkt. No. 2. As Judge Duffin noted, the exhaustion requirement in federal *habeas* cases ensures that the petitioner provides the state an opportunity to correct the alleged violations of the petitioner's federal rights. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). Where a petitioner files a petition in federal court while state remedies remain available to him, "the federal claim is deemed unexhausted and the federal court will ordinarily dismiss it without prejudice so that the prisoner can return to state court and exhaust the remaining remedies." Schroeder v. Pollard, 361 F.Supp.3d 800, 804 (E.D. Wis. 2019) (citing Bolton, 730 F.3d at 696). The petitioner's second supplemental objection shows that the state court processes are no longer available to him. The court will deny as moot the

8

petitioner's motion to proceed without exhausting state remedies, because he now has exhausted those remedies.

Although it is not appropriate for the court to dismiss the petition for failure to exhaust remedies, it is possible that the petitioner has committed procedural default. Procedural default "normally will preclude a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would not hold the claim procedurally barred." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004) (citations omitted). "[W]hen the petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted on that claim." Id. (citations omitted). There are some equitable exceptions to procedural default. "A procedural default will bar a federal court from granting relief on a habeas claim *unless* the petitioner demonstrates cause for the default and prejudice resulting therefrom . . . ." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)). Or the petitioner can "convince[] the court that a miscarriage of justice would result if his claim were not entertained on the merits . . . ." Id. (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)).

Procedural default "is an affirmative defense that the State is obligated to raise and preserve, and consequently one that it can waive." Id. (citing Trest v.

9

Cain, 522 U.S. 87, 89 (1997)). The respondent has not yet had the opportunity to respond to the petition, or to raise or waive procedural default or any other affirmative defense, because the court has not yet ordered him to respond. The court will require the respondent to respond to the petition. If the respondent raises the affirmative defense of procedural default in his response, the court will address it then. If the respondent moves to dismiss the petition on the ground of procedural default, the petitioner may file a response brief to explain whether either of the exceptions to procedural default apply (that there is cause and prejudice for his procedural default, and/or that a fundamental miscarriage of justice would result). If the respondent does not raise the defense of procedural default, the court will consider whether to raise the issue itself. See Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998) ("If the State does not explicitly or implicitly forego the waiver defense, [the district court] may make *sua sponte* inquiry into whether a procedural default is manifest and 'decide whether comity and judicial efficiency make it appropriate to consider the merits' of the petitioner's arguments."). If the court decides to raise the issue itself, the petitioner still will have the chance to file a response brief.

Even though the court will not address the defense of procedural default at this time, the court still must "screen" the merits of the petition under Rule 4 of the Rules Governing Habeas cases.

Rule 4 states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. The court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). The petitioner has alleged that the State of Wisconsin violated his due process rights in its proceedings to revoke his parole. He claims that he is actually innocent of the violations that led to his revocation. It does not plainly appear that the petitioner is not entitled to relief in this court, so the court will require the respondent to answer or otherwise respond to the petition.

## IV. Remaining Motions

### A. Motion to Expedite Decision (Dkt. No. 16)

The petitioner's motion to expedite decision asks this court to render a decision on the Magistrate Judge Duffin's report and recommendation. Dkt. No. 16. The court has declined to adopt Judge Duffin's recommendation to dismiss the petition. That means the motion is moot, and the court will deny it for that reason.

The court advises the petitioner, however, that the Milwaukee division of the Eastern District of Wisconsin is assigned four district court judges and three magistrate judges. Over three years ago, one of the four district court

11

judges passed away. Since then, the three remaining district court judges have handled a case load meant for four, and the number of cases being filed has steadily increased. At present, this court has some five hundred civil cases and a heavy load of criminal cases (many of which have multiple defendants, and several of which either have gone to trial in the last few months or are scheduled to go to trial in the next few months). In the seven months since the petitioner filed his petition, the court has presided over several trials, including a two-week civil rights trial in a case that had been pending since 2009 (years before Judge Pepper became a judge). The court has been unable to act as quickly as it would like in many cases; this is one of those. The court did not choose to address other cases because it has some bias or prejudice against the petitioner. The court is required to address criminal cases first, because of the Speedy Trial Act, and the court has many more cases (including *habeas* cases) that are older than the petitioner's.

The court regrets that it could not act on this petition sooner. It regrets that it cannot act sooner on many of the other cases before it. It hopes that this order will get this particular case on track.

### B. Amended Motion for Bail (Dkt. No. 20)

The petitioner's motion for bail asks the court to release him pending the final decision on his petition for *habeas* relief. Dkt. No. 20 (citing Cherek v. United States, 767 F.2d 335, 336 (7th Cir. 1985)). In his brief, the petitioner argues the merits of his petition and asserts that he has a strong likelihood of success on the merits. Dkt. No. 21 at 1-22. He contends that the court's delay

12

in processing his *habeas* petition constitutes a special circumstance warranting bail. Id. at 23-24. He states that he's not a flight risk; while in prison he completed community custodial work and never tried to escape. Id. at 24. As for community ties, the petitioner asserts that he runs a paralegal service and would have a stable residence with family in Racine County if the court granted him bail. Id.

"There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek, 767 F.2d at 337; see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986 (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners); Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007). But to obtain release on bail pending a decision on the petition, the petitioner must show "not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." Bergmann v. McCaughtry, 857 F. Supp. 640, 641 (E.D. Wis. 1994), quoting Pethtel v. Attorney Gen. of Ind., 704 F. Supp. 166, 169 (N.D. Ind. 1989). He also must "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." Id. "'[H]abeas petitioners are rarely granted release on bail pending disposition' of their petition." Id.

Release pending §2254 relief is not appropriate in this case. As the court already has noted, the petitioner may first have to show the court that he

qualifies for one of the exceptions to the procedural default doctrine. Even if he does that, the threshold for *habeas* relief is high. See 28 U.S.C. §2254(d). The petitioner must show that the decision revoking his parole "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the revocation proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). The petitioner has submitted some of the documents relating to the revocation of his parole—the decision and some police reports. But the court cannot conclude, based on that evidence alone, that the revocation decision violated federal law or that it was based on an unreasonable determination of the facts. Nor is the court's delay in addressing the petition a circumstance that makes the petitioner's bail request exceptional or deserving of special treatment.

The court will deny the motion for bail.

C.  Motion to Grant Extraordinary Writ (Dkt. No. 23)

On August 23, 2019, the petitioner filed a motion for "Extraordinary Writs," in which he asserts that a court's failure to act on a *habeas* petition within a reasonable time can reduce the relief provided by the writ to a sham. Dkt. No. 23 at 4 (citing Ruiz v. Cady, 660 F.2d 337 (7th Cir. 1981)). He argues that both of his cases have been assigned to this court, and cites Weddington v. Zatecky, 721 F.3d 456, 463 (7th Cir. 2013), for the proposition that this court's "impartiality might be reasonably questioned." Id. He asks the court to

14

review the delay in this case, "and to review Judge Pepper assignment to" his other case. Id. at 5.

This order renders the petitioner's motion for extraordinary writ moot, and the court will deny it as moot. As the court has explained, its delay was the result of its heavy case load, not of any bias against the petitioner's case.[2]

**V.     Conclusion**

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed despite not pursuing state remedy not available to him. Dkt. No. 2.

The court **DECLINES TO ADOPT** Magistrate Judge William Duffin report and recommendation. Dkt. No. 10.

The court **DENIES AS MOOT** the petitioner's motion to expedite case. Dkt. No. 16.

The court **DENIES** the petitioner's amended motion for bail. Dkt. No. 20.

The court **DENIES AS MOOT** the petitioner's motion for extraordinary writs. Dkt. No. 23.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

---

[2] The court's delay in opining on Judge Duffin's recommendation worked to the petitioner's favor; during the delay, the petitioner tried to file in state court. Dkt. No. 19-1. He showed that the state court would not let him proceed, which changed the rationale underlying Judge Duffin's recommendation. Were the court to have immediately ruled on Judge Duffin's recommendation, it would have come to the same decision he did; to dismiss the petition.

15

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the

Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 20th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**