UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LEE KNOWLIN,

        Petitioner,

v.                                                     Case No. 19-cv-261-pp

REED RICHARDSON,

        Respondent.

---

**ORDER AMENDING CAPTION AND REQUESTING WISCONSIN DEPARTMENT OF JUSTICE TO INDICATE WHETHER IT WILL ACCEPT SERVICE**

---

On September 20, 2019, the court issued an order declining to adopt Judge Duffin's report and recommendation and screening the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 24. Part of that order discussed the court's belief that the petitioner was incarcerated in Dodge County Correctional Institution—making the warden of that institution, William Pollard, the properly named respondent. Id. at 1, n.1. At the end of its order, the court asked the Department of Justice to inform the court whether it would accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). Id. at 17.

On October 9, 2019, the court received a letter from the Wisconsin Department of Justice, indicating that it would not accept service on behalf of the respondent. Dkt. No. 27. The letter indicated that William Pollard was not the proper respondent because the petitioner was "now" in the custody of the

1

Oneida County Jail. Id. It stated that the proper respondent would be Sheriff Grady Hartmann, who had a last known address of 2000 East Winnebago Street, Rhinelander, Wisconsin 54501. Id. at 2. The letter said that the Wisconsin Department of Justice does not accept service on behalf of a sheriff. Id. The Department of Justice also attached two exhibits from the Wisconsin Department of Corrections showing that the petitioner was incarcerated at the Oneida County Jail. Dkt. Nos. 27-1, 27-2.

About a month later, the petitioner filed a notice of change of address indicating that he had been moved to Stanley Correctional Institution. Dkt. No. 28. The Wisconsin Department of Corrections' inmate locator indicates that the petitioner is still housed at Stanley. appsdoc.wi.gov/lop/hom.do (last accessed December 6, 2019).

Rule 2(a) of the Rules Governing §2254 Cases states that "[i]f the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." The petitioner represents that as of early November 2019, he was incarcerated at Stanley Correctional Institution. The warden of that facility is Reed Richardson. The court has amended the caption according.

Because the proper respondent is no longer a sheriff, the rationale for the Wisconsin Department of Justice not to accept service on behalf of the respondent no longer applies. As the court did in its September 2019 order, the court notes that under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of

Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

The court **ORDERS** that that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of

3

the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 6th day of December, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**